UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-81216-Ryskamp-Vitunac**

NUTRAMEDICS, INC., a Florida Corporation, d/b/a Adrenal Fatigue Institute, Inc.,

    Plaintiff,

v.

ELIZABETH ARDEN, d/b/a Complaints Board, a/k/a <complaintsboard.com>,

    Defendant.
_____/

FILED by VT D.C.
ELECTRONIC

August 21, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, NUTRAMEDICS, INC., a Florida Corporation, by and through its undersigned counsel sues the Defendant, ELIZABETH ARDEN d/b/a Complaints Board, a/k/a <complaintsboard.com> and alleges as follows:

### NATURE OF ACTION

1. This is an action for trademark infringement by initial interest confusion, trade libel defamation per se, commercial disparagement, and other related torts arising from the wrongful conduct of Defendant.

2. NutraMedics seeks compensatory and exemplary damages in excess of $75,000.00, punitive damages, attorney's fees and costs, and injunctive relief.

BROAD and CASSEL
One Financial Plaza, Suite 2700, Fort Lauderdale, FL 33394
Telephone: 954-764-7060   Facsimile: 954-761-8135

1 of 19

## PARTIES

3. Plaintiff, NutraMedics, Inc., d/b/a Adrenal Fatigue Institute, Inc. ("NutraMedics"), is a Florida corporation having its principal place of business in Palm Beach County, Florida.

4. Defendant, Elizabeth Arden d/b/a Complaints Board, a/k/a <complaintsboard.com> (collectively, "Complaints Board") and owns and operates the interactive website <complaintsboard.com>.

5. The location, citizenship, and residency of Complaints Board are cloaked by proxy company, Melbourne IT, which refuses to provide that information without a subpoena.

6. Complaints Board has engaged in trademark infringement by initial interest confusion, trade libel defamation and commercial disparagement of NutraMedics to generate revenue from advertising on its interactive website.

## JURISDICTION

7. This is an action for initial interest confusion in violation of the Lanham Act, Title 15 U.S.C. 1125(a). This Court is vested with jurisdiction of the parties and the subject matter of the action under 15 U.S.C. § 1121, 28 U.S.C. § 1338.

8. This Court has personal jurisdiction over Complaints Board because it has sufficient minimum contact with this State and maintenance of the suit in this Court does not offend traditional notions of fair play and substantial justice. More specifically, Defendant operates an interactive website, and offers advertising services in the State of

2
BROAD and CASSEL
One Financial Plaza, Suite 2700, Fort Lauderdale, FL 33394
Telephone: 954-764-7060   Facsimile: 954-761-8135

2 of 19

Florida. Those services are the precise subject of NutraMedic's allegations set forth herein.

9. NutraMedic's claims arise in this Court.

10. This Court has pendant jurisdiction over all of the claims asserted herein, these claims being necessarily determinable together with the federal claims.

11. This Court has jurisdiction over Complaints Board because, upon information and belief, it conducts business within the State of Florida and engages in systematic and continuous contacts with the State of Florida.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because Complaints Board is subject to personal jurisdiction in this Court and, without knowing the true identity or location of Complaints Board, no other more appropriate Court exists in which this action may be brought and be as convenient to the parties.

13. Complaints Board has disparaged NutraMedics (and its products), has caused initial interest confusion regarding NutraMedics' trademarks, and engaged in other wrongful conduct.

14. NutraMedics has been injured by Defendant's conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

15. This action involves libelous and defamatory communications knowingly published by Complaints Board on Internet search engines and its website located at

3
BROAD and CASSEL
One Financial Plaza, Suite 2700, Fort Lauderdale, FL 33394
Telephone: 954-764-7060    Facsimile: 954-761-8135

3 of 19

<complaintsboard.com> to generate advertising revenue at the expense of NutraMedics.

16. NutraMedics is a leading manufacturer, distributor and retailer of premium nutritional supplements for health and fitness purposes. NutraMedics is famous for its excellence and quality in the field of nutritional supplements.

17. NutraMedics advertises its products widely and makes them available through its various websites.

18. CYLAPRIL, a nutritional supplement used to improve weight loss, energy, and mood, is one of NutraMedic's most popular nutritional supplement products.

19. CYLAPRIL is known throughout the United States, if not the entire world, for the highest quality, consistency, and efficacy.

20. NutraMedics has sold millions of dollars of CYLAPRIL brand product in 2009 alone, much of it through its website at <cylapril.com>.

21. The CYLAPRIL brand has a strong Internet presence that is responsible for a significant portion of the sales of CYLAPRIL brand nutritional supplements.

22. Complaints Board holds itself out as a forum for third parties to post complaints about products and services.

23. In reality, Complaints Board is a business that profiteers from the defamatory content it publishes. Specifically, Complaints Board profits by attracting a high volume of visitors to its advertisement-laden web pages. One way that Complaints Board attracts high volumes of visitors is by highlighting defamatory content on Internet search engines results pages.

24. Complaints Board avoids accountability for its conduct by utilizing the anonymity afforded by the Internet and the domain name registration process. Indeed, Complaints Board also attempts to cloak itself in an impenetrable mess of proxy companies and various names.

25. As a result of the intricacies of the Internet and the platform created by Complaints Board, there is no clear way to contact Complaints Board directly to demand that it cease its tortious conduct by removing defamatory material.

### Complaints Board's Wrongful Conduct

26. As early as 2008, Complaints Board allowed anonymous and pseudonymous individuals to engage in the disparagement of NutraMedics and its CYLAPRIL brand on Complaints Board's website. Since then, Complaints Board has published numerous defamatory statements about NutraMedics on its website.

27. In many cases, customers and prospective customers seeking to purchase or learn about CYLAPRIL perform searches for "cylapril" on various Internet search engines including Google, Bing, and Yahoo!.

28. The Complaints Board website section regarding CYLAPRIL is listed prominently on many Internet search engines. Presently, an Internet search for CYLAPRIL, results in Complaints Board listing as the second and third search results on Bing and Google, respectively.

29. Complaints Board has climbed, and will continue to climb, to these prominent search results positions by specifically highlighting defamatory content on the search results

pages of search engines.

30. In particular, customers and prospective customers that search for the trademark CYLAPRIL on Google are confronted with search results having the highlighted phrase "**CYLAPRIL Complaints- Fraudulent credit card use.**"

31. Complaints Board's posting of this title on Internet search engines is done irrespective of the legal meaning of the word "fraud" and whether the actual content of the alleged complaint would even constitute a "fraud" as a matter of law or fact.

32. The prominent second and third place ranking on many Internet search engines of the highlighted defamatory statement significantly affects sales and the reputation of NutraMedics and the CYLAPRIL brand.

### Complaints Board's Wrongful Conduct On Its Webpages

33. Upon seeing the defamatory statements in the search engines, customers and prospective customers are lured to http://www.complaintsboard.com/complaints/cylapril-c121627.html>.

34. Once a customer or prospective customer of NutraMedics enters the Complaints Board web page from the Google search results, they are inundated with advertisements for all types of products and services.

35. Advertisements almost completely surround a prominent title stating "**Cylapril Complaints- Fraudulent credit card use.**" Below this defamatory statement, the statement "**Fraudulent credit card use**" is repeated, and emphasized in bold lettering.

36. The advertisements on the Complaints Board web page relating to

CYLAPRIL include third parties that remove charges from credit cards and purportedly stop harassing debt collectors. This creates the false impression that such services are necessary in connection with the purchase of CYLAPRIL.

37.     Further, in some instances, competitors of NutraMedics are wrongfully using the CYLAPRIL trademark to attract others to their own websites via the Complaints Board website.

38.     As a result of Complaints Board's actions, customers and prospective customers utilizing a search engine are directed away from purchasing CYLAPRIL and ultimately misled and misdirected to competitors of NutraMedics or other unrelated services and products.

### Complaints Board's Wrongful Conduct in Misdirecting Those Seeking The Cylapril Home Page

39.     Complaints Board deceptively provides links that purport to link webpage viewers to NutraMedic's webpage located at <cylapril.com>, but instead re-route the viewers to the Complaints Board website. As a result, Complaints Board artificially inflates traffic numbers to its website and its Internet search engine ranking.

40.     In addition, Complaints Board buries posts of positive statements about CYLAPRIL deep within comments sections. This prevents viewers of its websites from readily viewing positive posts about CYLAPRIL. Consequently, defamatory comments almost entirely dominate the Complaints Board's website.

41.     Complaints Board does not provide any clear means to contact it regarding

defamatory comments posted on its website.

### Damages Suffered by NutraMedics

42. The foregoing wrongful conduct has caused NutraMedics damages including, but not limited to, harmed reputation, lost business and sales, lost customers, lost revenue, and lost goodwill.

43. Upon information and belief, Complaints Board intends to continue their wrongful conduct and to severely harm the goodwill associated with CYLAPRIL in order to drive up advertising revenues.

### COUNT ONE:
### INITIAL INTEREST CONFUSION UNDER THE LANHAM ACT

44. NutraMedics hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45. CYLAPRIL is a valid, protectable, famous trademark.

46. NutraMedics owns all right, title, interest, and the goodwill associated with the CYLAPRIL mark.

47. By using the CYLAPRIL mark in both its content and metatags associated with the Complaints Board's website, Complaints Board has wrongfully used the CYLAPRIL trademark without the consent of NutraMedics in a manner calculated to capture initial consumer attention and to direct such attention to the Complaints Board site at the expense of viewers looking for CYLAPRIL products.

48. Complaints Board's actions create initial interest confusion in violation of

NutraMedic's rights under the Lanham Act 15 U.S.C. §1114 and the common law of the state of Florida.

49. As a direct and proximate result of Complaints Board's improper conduct, Nutramedics has suffered damages including, but not limited to: loss of good will, lost profits.

WHEREFORE, NutraMedics accordingly and respectfully prays for judgment against DEFENDANTS as follows:

a) That NutraMedics be awarded compensatory damages and lost profits in an amount to be determined at trial;

b) That NutraMedics be awarded punitive damages in an amount to be determined at trial;

c) That NutraMedics be awarded its attorney's fees and costs in this action;

d) That the Court enter judgment in favor of NutraMedics according to the equitable and injunctive relief sought; and,

e) That NutraMedics be awarded any such other and further relief as this Court may deem just and proper or to which NutraMedics may be entitled as a matter of law or equity.

## COUNT TWO:
## FEDERAL AND COMMON LAW TRADE LIBEL

50. NutraMedics hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

51. Complaints Board has knowingly published communications concerning CYLAPRIL products to third parties and through various communications media that contained false and defamatory statements.

52. Specifically, these false and defamatory statements have claimed that NutraMedics engages in credit card fraud, which is patently untrue.

53. Persons other than NutraMedics and Complaints Board have and will understand that these defamatory statements were about NutraMedics and the CYLAPRIL brand.

54. Complaints Board's publication of the defamatory statements about CYLAPRIL brand are in direct connection with its commercial advertising or promotion of other products, which inure to Complaint Board's sole benefit, and these defamatatory statements misrepresent the nature, characteristics or qualities of CYLAPRIL products thereby harming the public perception of the product and NutraMedics.

55. Publication of the defamatory statements violates NutraMedic's rights under the Lanham Act 15 U.S.C. §1125(a) and the common law of the state of Florida.

56. As a result of Complaints Board's wrongful conduct, NutraMedics has

suffered and continues to suffer damages including, but not limited to, harmed reputation, diminished employee morale, lost productivity, lost profits and lost goodwill associated with the CYLAPRIL mark.

57. In addition, as a result of Complaints Board's wrongful conduct, NutraMedics has suffered actual damages including, but not limited to, out-of-pocket costs associated with dealing with the defamatory statements as well as lost sales and profits.

WHEREFORE, NutraMedics accordingly and respectfully prays for judgment against DEFENDANTS as follows:

a) That NutraMedics be awarded compensatory damages in an amount to be determined at trial;

b) That NutraMedics be awarded punitive damages in an amount to be determined at trial;

c) That NutraMedics be awarded its attorney's fees and costs in this action;

d) That the Court enter judgment in favor of NutraMedics according to the equitable and injunctive relief sought; and,

e) That NutraMedics be awarded any such other and further relief as this Court may deem just and proper or to which NutraMedics may be entitled as a matter of law or equity.

BROAD and CASSEL
One Financial Plaza, Suite 2700, Fort Lauderdale, FL 33394
Telephone: 954-764-7060   Facsimile. 954-761-8135

## COUNT THREE:
## DEFAMATION *PER SE*

58. NutraMedics hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

59. Complaints Board has published communications concerning NutraMedics and CYLAPRIL to third parties and through various communications media that contained false and defamatory statements.

60. The *per se* defamatory statements allege that NutraMedics has engaged in fraud and theft, and in particular, credit card fraud.

61. These *per se* defamatory statements accuse NutraMedics of engaging in criminal activity including, but not limited to, fraud and theft.

62. Complaints Board publishes these defamatory statements regardless of the falsity of the statements, the actual content of the alleged post, and whether the content of the post actually substantiates the title to the post which includes words such as "fraud" and/or "theft."

63. These *per se* defamatory statements accuse NutraMedics of engaging in unethical conduct.

64. These *per se* defamatory statements impute an inability or lack of integrity in the discharge of NutraMedics's business operations.

65. These *per se* defamatory statements impute a lack of ability in NutraMedics's trade.

66. Persons other than NutraMedics and Defendants have and will understand that the defamatory statements were about NutraMedics and that the defamatory statements relate to it, its business, its products, and its business practices.

67. Complaints Board published the *per se* defamatory statements with actual malice knowing the falsity of the statements and their inferences, implications, and innuendo; knowing the impact that the statements would have on NutraMedics and the goodwill associated with the CYLAPRIL trademark; knowing the harm that would occur to NutraMedics and the goodwill associated with the CYLAPRIL trademark; and, intending to cause NutraMedics and the CYLAPRIL brand such harm.

68. The *per se* defamatory statements constituted unprivileged publication of the defamatory statements by Complaints Board to third parties.

69. As a result of Complaints Board's conduct and the publication of the *per se* defamatory statements, NutraMedics has suffered and continues to suffer damages including, but not limited to, harmed reputation, diminished employee morale, lost productivity, and lost goodwill.

70. As a result of Defendants' conduct and the publication of the *per se* defamatory statements, NutraMedics has suffered actual damages including, but not limited to, out-of-pocket costs associated with dealing with the *per se* defamatory statements as well as lost sales and profits.

71. The *per se* defamatory statements have prejudiced NutraMedics in its business and trade.

13
BROAD and CASSEL
One Financial Plaza, Suite 2700, Fort Lauderdale, FL 33394
Telephone: 954-764-7060   Facsimile: 954-761-8135

WHEREFORE, NutraMedics accordingly and respectfully prays for judgment against DEFENDANTS as follows:

a) That NutraMedics be awarded compensatory damages in an amount to be determined at trial;

b) That NutraMedics be awarded punitive damages in an amount to be determined at trial;

c) That NutraMedics be awarded its attorney's fees and costs in this action;

d) That the Court enter judgment in favor of NutraMedics according to the equitable and injunctive relief sought; and,

e) That NutraMedics be awarded any such other and further relief as this Court may deem just and proper or to which NutraMedics may be entitled as a matter of law or equity.

## COUNT FOUR: COMMERCIAL DISPARAGEMENT

72. NutraMedics hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

73. The publication of the *per se* defamatory statements constitute commercial disparagement against NutraMedics and its products.

74. The publication of the *per se* defamatory statements have falsely disparaged the quality of the products sold by NutraMedics, including CYLAPRIL.

75. As a result of Complaints Board's conduct and the commercial disparagement of NutraMedics's products, NutraMedics suffered and continues to suffer damages including, but not limited to, harmed reputation, diminished employee morale, lost productivity, lost customers, and lost goodwill.

76. As a result of Complaints Board's conduct and the commercial disparagement of NutraMedics's products, NutraMedics has suffered actual damages including, but not limited to, out-of-pocket costs associated with dealing with the False Communications as well as lost sales and profits.

77. The false communications have prejudiced NutraMedics in its business and trade.

78. NutraMedics seeks recovery of compensatory damages for injuries caused by Complaints Board's commercial disparagement.

WHEREFORE, NutraMedics accordingly and respectfully prays for judgment against DEFENDANTS as follows:

  a) That NutraMedics be awarded compensatory damages in an amount to be determined at trial;

  b) That NutraMedics be awarded punitive damages in an amount to be determined at trial;

  c) That NutraMedics be awarded its attorney's fees and costs in this action;

  d) That the Court enter judgment in favor of NutraMedics according to the

equitable and injunctive relief sought; and,

e) That NutraMedics be awarded any such other and further relief as this Court may deem just and proper or to which NutraMedics may be entitled as a matter of law or equity.

## COUNT FIVE: INJUNCTIVE RELIEF

79. NutraMedics hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

80. NutraMedics possesses a clearly ascertainable right or protectable interest to develop, continue, and maintain business relations with both existing customers and prospective consumers without being hindered by trademark infringement comprising initial interest confusion, trade libel, defamation, and commercial disparagement.

81. NutraMedics has suffered and will continue to suffer irreparable harm if this Court does not enjoin the Defendant because NutraMedics's ongoing business operations will be disrupted if the Defendant's continue to engage in its tortious conduct.

82. NutraMedics will suffer irreparable harm in the absence of injunctive relief. In contrast, the Defendantwill suffer no harm because the Defendants has no legal rights to intentionally and tortiously interfere with NutraMedics's business relations or engage in other deceptive and unlawful trade practices.

83. The Lanham Act provides for injunctive relief.

84. There is a strong likelihood of NutraMedics of success on the merits of its

claims.

85. Defendant has tortiously violated NutraMedics' trademark rights under the Lanham Act and disparaged NutraMedics' and its products.

86. Mere compensation at law can only possibly provide NutraMedics with compensation for injuries up to the present.

87. It remains difficult if not impossible to calculate the damages arising from the Complaints Board's wrongful conduct.

88. NutraMedics, therefore, has an inadequate remedy at law.

89. The public interest will not be harmed if an injunction is granted.

90. NutraMedics seeks a temporary and permanent injunction enjoining Complaints Board from wrongfully directing any consumers or prospective consumers away from NutraMedics's products by communicating statements known to be false through highlighted search engine results and its webpages.

WHEREFORE, NutraMedics accordingly and respectfully prays for judgment against DEFENDANTS as follows:

a) That the Court enter judgment in favor of NutraMedics according to the equitable and injunctive relief sought; and,

b) That NutraMedics be awarded any such other and further relief as this Court may deem just and proper or to which NutraMedics may be entitled as a matter of law or equity.

## DEMAND FOR JURY TRIAL

NutraMedics demand trial by jury on all matters so triable before a Jury.

Dated: August 19, 2009.

ADAM RABINOWITZ
Florida Bar No.177962
100 S.E. 3rd Ave., Suite 2700
Fort Lauderdale, FL 33394
**BROAD AND CASSEL**
100 S.E. 3rd Ave., Suite 2700
Fort Lauderdale, FL 33394
Telephone (954) 764-7060
Facsimile (954) 761-8135
*Attorneys for Plaintiff*

*₂JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
NutraMedics, Inc., a Florida corporation d/b/a Adrenal Fatigue Institute

(b) County of Residence of First Listed Plaintiff **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Adam Rabinowitz, Esq., Broad and Cassel
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394; Phone: 954-764-7060

## DEFENDANTS
Elizabeth Arden, d/b/a Complaints Board, a/k/a <complaintsboard.com>

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09cv81216-Ryskamp

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Initial interest confusion in violation of Lanham Act, Title 15 U.S.C. 1125(a)

LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____    DATE 8-21-09

FOR OFFICE USE ONLY
AMOUNT _____    RECEIPT # 347724